IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KARL LINARD MALLOY,

      Appellant,

v.                                                                    Civil Action No. 3:25cv300

KRISTIN E. SCHELIN

    and

MARK A. WATSON

      Appellees.

## MEMORANDUM OPINION

This matter comes before the Court on *pro se*[1] Appellant Karl Linard Malloy's appeal from the United States Bankruptcy Court for the Eastern District of Virginia's Order entered March 31, 2025 (the "Modification Order") granting Appellees Kristin E. Schelin and Mark A. Watson's (collectively, "Appellees") Motion for Relief from Automatic Stay. (ECF No. 1-1, at 1, 3–4.) Mr. Malloy filed an appeal brief, (ECF No. 21), as did Appellees, (ECF No. 23). Mr. Malloy replied. (ECF No. 25.)

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matters are ripe for disposition. The Court exercises jurisdiction pursuant to 28

---

[1] Although Mr. Malloy is not a member of the Virginia State Bar and is proceeding *pro se* in this case, Mr. Malloy is an attorney licensed to practice law in the State of New York, the State of Maryland, and the District of Columbia. *See In re Karl Linard Malloy*, Case No. 23-33442-KRH, ECF No. 426, at 5 n.4 (Bankr. E.D. Va. Oct. 28, 2024). For the purposes of this appeal, the Court will consider Mr. Malloy a *pro se* litigant.

U.S.C. § 158(a)(1).  For the reasons articulated below, the Court will dismiss Mr. Malloy's appeal as moot.

## I.  Background

On October 5, 2023, Mr. Malloy filed, *pro se*, a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").[2] *See In re: Karl Linard Malloy*, No. 23-33442-KRH, ECF No. 1 (Bankr. E.D. Va. Oct. 5, 2023).

### A.    **Factual Background**

### 1.    **The Property Dispute and Resulting State Court Litigation**

This Court previously summarized the undisputed facts related to the underlying property dispute and resultant state court litigation in this matter.  The Court reiterates those facts here for context:

> Appellees and Mr. Malloy entered into a Central Virginia Multiple Listing Services Purchase Agreement dated February 25, 2022, and ratified February 26, 2022 (the "Agreement").  In the Agreement, Mr. Malloy agreed to convey, and Appellees agreed to purchase, certain real property located in Powhatan County, Virginia (the "Real Property").  After execution of the Agreement, a dispute arose between Appellees and Mr. Malloy.  On or about March 25, 2022, Appellees sued Mr. Malloy in Powhatan County Circuit Court . . . for specific performance of the Agreement, damages, declaratory relief, and injunctive relief, thereby commencing the State Court Litigation.  On November 20, 2023, Mr. Malloy removed the State Court Litigation to the Bankruptcy Court.
>
> * * *
>
> On December 8, 2023, Appellees filed [a] Motion for Expedited Hearing and Motion for Remand.  On December 13, 2023, the Bankruptcy Court conducted a hearing . . . on the Motion to Expedite and the Motion to Remand. . . . On December 20, 2023, the Bankruptcy Court entered the Remand Order, which remanded the State Court Litigation back to the Circuit Court for the County of Powhatan.

---

[2] The Bankruptcy Court has since converted the case from one under Chapter 13 to one under Chapter 7.  *See In re: Karl Linard Malloy*, No. 23-33442-KRH, ECF No. 762 (Bankr. E.D. Va. May 20, 2025).

> On January 2, 2024, Mr. Malloy appealed the Bankruptcy Court's Order Granting
> Motion for Expedited Hearing and Motion for Remand.

*Malloy v. Schelin*, No. 3:24-cv-2, ECF No. 37, at 3 (E.D. Va. Nov. 19, 2024) (internal citations and alterations omitted). (*See also* ECF No. 3-13, at 51–60 (setting forth the same undisputed facts).) On November 19, 2024, this Court affirmed the Bankruptcy Court's order remanding the State Court Litigation, *Malloy v. Schelin*, No. 3:24-cv-2, ECF No. 37, at 8 (E.D. Va. Nov. 19, 2024), which was affirmed in part and dismissed in part by the United States Court of Appeals for the Fourth Circuit, *Schelin v. Malloy*, No. 24-2271, 2025 WL 3443443 (4th Cir. Dec. 1, 2025).

### 2. The Powhatan County Circuit Court Enters Final Judgment In the State Court Litigation

Pursuant to the remand order, the State Court Litigation resumed, and from May 20 to 21, 2024, the state court conducted a trial. (ECF No. 4-20, at 2:7–9; ECF No. 8-10, at 1.) On October 20, 2024, the Circuit Court for the County of Powhatan entered Final Judgment in the State Court Litigation (the "Final Judgment") in favor of Appellees and awarded declaratory and injunctive relief, compensatory damages, and specific performance requiring Mr. Malloy to comply with the terms of the Agreement, including conveyance of the Property to Appellees. (ECF No. 8-10; *see also* ECF No. 8-9.)

### 3. The Bankruptcy Court Modifies The Automatic Stay for 120 Days

After the state court rendered its Final Judgment, Appellees moved the Bankruptcy Court for relief from the Bankruptcy Code's automatic stay in order to enforce the Final Judgment, (ECF No. 13-61; ECF No. 14-17), which Mr. Malloy opposed, (ECF No. 13-73).[3]

---

[3] As explained in more detail in Section III.B, *infra*, when, as here, a debtor files a bankruptcy petition, the Bankruptcy Code provides for an automatic stay of all judicial actions

On March 14, 2025, the Bankruptcy Court held a hearing on the Motion for Relief from Automatic Stay, during which it orally granted the Motion for Relief from Automatic Stay. (ECF No. 16, at 65.) On March 31, 2025, the Bankruptcy Court signed the Modification Order, memorizing its oral finding granting the Motion for Relief from Automatic Stay. (ECF No. 1-1, at 4.) With no legal analysis or reasoning, the Modification Order provided:

> The automatic stay of 11 U.S.C. § 362(a)(1) is hereby MODIFIED for a period of 120 days from the entry of this order (subject to further extension for good cause), to permit [Appellees] to enforce the Final Judgment including without limitation paragraphs 6 and 7 of the Final Judgment with respect to the specific performance relief granted therein; and

> [Mr. Malloy] is ORDERED to cooperate in all respects with [Appellees] in connection with their enforcement of the Final Judgment and his obligations pursuant to the Final Judgment. In the event of [Mr. Malloy's] failure to comply with the provisions of this Order, the [Appellees] may seek further relief from this Court upon an expedited basis.

(ECF No. 1-1, at 4.)

Both parties represent, without citations to the record, that the 120-day period for which the Bankruptcy Court granted relief from the automatic stay expired at the end of July 2025[4]; the parties likewise represent that during that period, Appellees failed to enforce the Final Judgment.[5] (ECF No. 21, at 7; ECF No. 25, at 4.)

---

against the debtor. *Herlihy v. DBMP, LLC*, 167 F.4th 142, 149 (4th Cir. 2026); *see* 11 U.S.C. § 362(a)(1)).

[4] Appellees represent that the 120-day period ended on July 29, 2025, (ECF No. 21, at 7), while Mr. Malloy represents that it ended on July 30, 2025, (ECF No. 25, at 4). This factual dispute is not material to the Court's consideration of Mr. Malloy's appeal.

[5] The parties do not explain why the Final Judgment was not enforced. Mr. Malloy argues only that it was a "direct consequence" of Appellees' own inaction, (ECF No. 25, at 4), while Appellees contend that it was "in part due to [Mr. Malloy's] refusal to cooperate," (ECF No. 21, at 7). The reason the Final Judgment was not enforced is not material to this Court's consideration of Mr. Malloy's appeal.

4

This appeal concerns the propriety of the Bankruptcy Court's Modification Order dated March 31, 2025[6] granting relief from the automatic stay. (ECF No. 1-1.)

## B.    Procedural Background

On April 16, 2025, Mr. Malloy filed his appeal to this Court of the Bankruptcy Court's Modification Order. (ECF Nos. 1, 1-1.)  On May 15, 2025, the Clerk docketed the designated Bankruptcy Record. (ECF Nos. 3–16.)  On June 16, 2025, Mr. Malloy filed his Appeal Brief. (ECF No. 21.)  On October 29, 2025, Appellees filed their appeal brief. (ECF No. 21.)  On November 12, 2025, Mr. Malloy replied. (ECF No. 25.)

On November 7, 2025, this Court ordered the parties to file supplemental briefing on this Court's jurisdiction over the appeal. (ECF No. 22.)  The parties timely filed their supplemental briefs. (ECF Nos. 23, 24.)

## II.  Standard of Review

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of

---

The Bankruptcy Court's docket supports the parties' assertions that they did not effectuate the Final Judgment during the 120-day period during which the Bankruptcy Court lifted the automatic stay.  On September 2, 2025, well after the Bankruptcy Court's Modification Order, the Bankruptcy Court granted the Bankruptcy Trustee's motion to convey the property to Appellees for a set price and pursuant to the terms of the Final Judgment. *In re: Karl Linard Malloy*, No. 23-33442-KRH, ECF No. 876, at 4 (Bankr. E.D. Va. Sept. 2, 2025).

The Bankruptcy Court's record further indicates that Appellees ultimately declined to purchase the property. *In re: Karl Linard Malloy*, No. 23-33442-KRH, ECF No. 1041, at 5 (Bankr. E.D. Va. Feb. 24, 2026).  Thus, Appellees no longer seek specific performance of the sale of the property, and only the monetary judgment contained within the Final Judgment remains pending against the bankruptcy estate. *In re: Karl Linard Malloy*, No. 23-33442-KRH, ECF No. 1041, at 5 (Bankr. E.D. Va. Feb. 24, 2026).

[6] The Modification Order was signed on March 31, 2025 and docketed on April 1, 2025. (ECF No. 1-1, at 4.)

appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526–27 (E.D. Va. 2010) (citing *Webb v. Reserve Life Ins. (In re Webb)*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)). The district court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 639 (4th Cir. 2004). A finding of fact is clearly erroneous if a court reviewing it, considering all of the evidence, "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Educ. Credit Mgmt. Corp. v. Mosko (In re Mosko)*, 515 F.3d 319, 324 (4th Cir. 2008) (quoting *United States Gypsum Co.*, 333 U.S. at 395). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574. In cases where the issues present mixed questions of law and fact, the Court will apply the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996). "Decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion." *In re Mitrano*, 409 B.R. 812, 815 (E.D. Va. 2009). "A decision to lift the automatic stay under section 362 of the [Bankruptcy] Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

### III. Analysis

Mr. Malloy argues that the Bankruptcy Court erred in granting Appellees' request to lift or modify the automatic stay in five ways:

1. The Bankruptcy Court erred in issuing the Modification Order because it was intended to enforce the Final Judgment, which was rendered by the Powhatan

County Circuit Court "without jurisdiction"; the Powhatan County Circuit Court lacked jurisdiction because "no certified remand order had been transmitted" from the Bankruptcy Court to the Powhatan County Circuit Court.

2. The Bankruptcy Court erroneously concluded, relying on the Final Judgment, that the Agreement was not executory and failed to conduct an independent determination on this issue under 11 U.S.C. § 365.

3. The Bankruptcy Court erroneously determined the Agreement's executory status based on "circumstances at the . . . confirmation hearing, rather than at the petition date."

4. The Bankruptcy Court's Modification Order violated the automatic stay by permitting "post-petition enforcement of state court orders" that impaired the bankruptcy estate's property.

5. The Bankruptcy Court's Modification Order deprived Mr. Malloy of due process in that the Bankruptcy Court "fail[ed] to conduct a full evidentiary hearing or make findings on contested legal issues."

(ECF No. 17, at 6.)

Appellees argue Mr. Malloy's appeal is moot because Appellees were "not able to exercise their Final Judgment enforcement rights prior to the expiration of the Relief from Stay Deadline," which expired in July 2025. (ECF No. 21, at 7.)

For the reasons articulated below, the Court finds that Mr. Malloy's appeal is moot.

**A.    This Court Has Jurisdiction Over Mr. Malloy's Appeal Under 28 U.S.C. § 158(a)**

As a threshold matter, the Court has jurisdiction over Mr. Malloy's appeal under 28 U.S.C. § 158(a). Section 158 provides that district courts have jurisdiction to hear appeals from bankruptcy courts in "cases and proceedings" (1) involving final judgments, orders, and decrees; (2) involving interlocutory orders and decrees issued under section 1121(d) of title 11; and, (3) with leave of the court, interlocutory orders and decrees. 28 U.S.C. § 158(a). As the United States Supreme Court has explained: "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made orders in

7

bankruptcy cases . . . immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38–39 (2020) (quotation and internal alterations omitted). Because a bankruptcy court's "adjudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case," such an order "yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." *Id.* at 37; *see In re Bestwall, LLC*, 99 F.4th 679, 685 (4th Cir. 2024) ("[A]djudication of a creditor's motion for relief from the automatic stay is 'a discrete procedural unit' within the bankruptcy case that is 'anterior to, and separate from, claim-resolution proceedings' and 'yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief.'") (quoting *Ritzen Grp.*, 589 U.S. at 37–38).

Because this appeal concerns the Bankruptcy Court's order granting relief from the automatic stay, the Court has jurisdiction under 11 U.S.C. § 158(a) to consider Mr. Malloy's appeal of the Modification Order.

**B.      Legal Standard:  The Automatic Stay Under 11 U.S.C. § 362**

"[T]he Bankruptcy Code provides that when a bankruptcy petition is filed, all judicial actions against the debtor are automatically stayed." *Herlihy v. DBMP, LLC*, 167 F.4th 142, 149 (4th Cir. 2026); *see* 11 U.S.C. § 362(a)(1)).[7] "Such a stay provides the bankruptcy court with the opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations." *Id.* (citation omitted); *see also Ritzen Grp.*, 589 U.S. at 42 (explaining that the automatic stay "serves to maintain the status quo and prevent dismemberment of the estate during the pendency of the bankruptcy case") (alterations omitted).

Under 11 U.S.C. § 362(d),[8] "[a] creditor may seek relief from the stay by filing in the bankruptcy court a motion for an order 'terminating, annulling, modifying, or conditioning' the

---

[7] 11 U.S.C. § 362(a) provides, in relevant part:

(a) [With limited exceptions], a petition filed . . . operates as a stay, applicable to all entities, of—

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1).

[8] 11 U.S.C. § 362(d) provides, in relevant part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

stay," for cause, or if specified conditions exist. *Ritzen Grp.*, 589 U.S. at 42 (quoting 11 U.S.C. § 362(d)). Because the Bankruptcy Code does not define "cause," bankruptcy courts "'must determine when [such] discretionary relief is appropriate on a case-by-case basis.'" *Herlihy*, 167 F.4th at 149 (quoting *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)).

In *In re Robbins*, and reiterated more recently in *Herlihy*, the Fourth Circuit explained that "when considering a motion to lift an automatic stay, '[t]he court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied.'" *Herlihy*, 167 F.4th at 149 (quoting *Robbins*, 964 F.2d at 345). In making this determination, courts consider three factors:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Herlihy*, 167 F.4th at 149–50 (quoting *Robbins*, 964 F.2d at 345).

### C.    The Court Will Deny Mr. Malloy's Appeal of the Bankruptcy Court's Modification Order as Moot

"[C]onstitutional mootness arises from Article III's 'case or controversy' requirement and dictates that federal courts refrain from rendering judgments in expired disputes that would amount to mere advisory opinions." *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005) (citing *In re*

---

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

  (A) the debtor does not have an equity in such property; and

  (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1)–(2).

*McLean Square Assocs.*, 200 B.R. 128, 131 (E.D. Va. 1996) and *Hall v. Beals*, 396 U.S. 45, 48 (1969).) "Put differently, an appeal is moot when an 'affirmance would ostensibly require something to be done which had already taken place,' and a 'reversal would ostensibly avoid an event which had passed beyond recall.'" *Id.* (quoting *Brownlow v. Schwartz*, 261 U.S. 216, 217–18 (1923). "Thus, the essence of constitutional mootness lies in the court's jurisdiction or power to provide effective relief . . . . [I]f it is impossible to provide the requested relief, then the case should be dismissed as moot at the threshold." *Id.*

Here, Mr. Malloy requests that the Court reverse the Modification Order, vacate the Bankruptcy's Court's authorization permitting enforcement of the Final Judgment, and remand to the Bankruptcy Court for further proceedings under 11 U.S.C. § 362 (governing automatic stay provision) and § 365 (governing executory contracts). (ECF No. 17, at 28.) In effect, Mr. Malloy asks the Court to undo the Bankruptcy Court's temporary modification of the automatic stay to allow Mr. Malloy to argue before the Bankruptcy Court that modification of the stay permitting Appellees to enforce the terms of the Final Judgment is inappropriate.

But reversal and remand by this Court is not necessary to achieve that outcome. Because the 120-day modification period set by the Bankruptcy Court in the Modification Order ended in July 2025 without enforcement of the Final Judgment, Mr. Malloy is in effectively the same position he was *before* the Bankruptcy Court entered the Modification Order: the automatic stay is back in place and Appellees did not enforce the Final Judgment. That is, any concern that Appellees may enforce the Final Judgment and bypass the automatic stay has passed. Thus, remanding the case to the Bankruptcy Court would be futile because the relief Mr. Malloy seeks is, in effect, already in place. His appeal of the Modification Order is therefore moot. *See In re Price*, 577 B.R. 643, 658 (Bankr. E.D.N.C. 2017) ("[A] request for relief from an order

11

modifying the automatic stay is, by definition, a request for reinstatement of the original automatic stay. The result of the court granting the [d]ebtors relief from the Interim Order [lifting the stay] is that the automatic stay continues in effect and was never modified; therefore, the [d]ebtors' [] request to reinstate the automatic stay is moot.") (internal citations and emphasis omitted).

The posture of this case is unusual. Ordinarily when a reviewing court finds that a debtor's appeal of an order granting relief from the automatic stay is moot, the reviewing court determines that the appeal is moot because the event that the stay was lifted to effectuate *occurred* and not, as in the present circumstances, because it *did not occur*. *See, e.g., Vardan v. Wells Fargo Bank, N.A.*, 606 B.R. 681, 686 (E.D. Va. 2019) ("Where, as here, a debtor fails to obtain the stay of an order granting a creditor relief from the automatic stay pending appeal of the order, a completed foreclosure and sale of the property will render any appeal of a subsequent lift stay order moot."); *Mitchell, Taylor & Eldredge v. Dominion Bank, Nat. Ass'n*, No. 93-1688, 1994 WL 233364 (4th Cir. May 31, 1994) (same). But the underlying principle remains the same in these cases and in the matter presently before the Court: the issue is rendered moot because it "no longer presents a live controversy *with respect to which the court can give meaningful relief.*" 606 B.R. at 686 (citation omitted and emphasis added). That is, vacating and remanding the Modification Order would not afford meaningful relief because Mr. Malloy already has the relief he seeks, namely, the imposition of the automatic stay. On remand, it is not clear what relief, if any, the Bankruptcy Court could afford that Mr. Malloy does not already have.

Mr. Malloy argues that the Modification Order is not moot for three reasons, all of which are unavailing. First, he asserts that the Modification Order "continues to have legal

12

consequences" because the Modification Order was intended to enable Appellees to enforce the Final Judgment, and the Final Judgment was "void." (ECF No. 25, at 3–4.)  More specifically, he maintains that the Final Judgment was rendered without jurisdiction because it was rendered after the case was removed to the Bankruptcy Court but "before a certified remand order had been transmitted to the state court, in direct violation of 28 U.S.C. § 1447(c)."[9]  (ECF No. 17, at 11–14.)  Although Mr. Malloy contends that this fact is "undisputed," (ECF No. 17, at 11), Mr. Malloy presents no evidence on this point, nor does the record bear out this assertion.  More fundamentally, any impropriety in the Final Judgment does not save this case from mootness because the Final Judgment was not enforced while the stay was lifted.  Thus, while Mr. Malloy *could* have been harmed by enforcement of an improper state judgment during the 120-day period over which the Bankruptcy Court lifted the automatic stay, he was not so harmed.  And that time has passed.[10]

Second, Mr. Malloy argues that Appellees failed to enforce the Final Judgment during the available window, meaning that they "cannot now claim mootness to avoid appellate scrutiny." (ECF No. 25, at 4.)  At this stage, it does not matter *why* the Final Judgment was not enforced,

---

[9] The Court observes that Mr. Malloy has already raised this issue before the Bankruptcy Court several times, and the Bankruptcy Court cogently disposed of it. (*See* ECF No. 4-20, at 15:20–18:3 (explaining that the bankruptcy case was remanded under 28 U.S.C. § 1452(b), not § 1447, and that Mr. Malloy has presented "no evidence" that that the clerk did not receive a proper remand order); *In re: Karl Linard Malloy*, No. 23-33442-KRH, ECF No. 481, at 4 n.5 (Bankr. E.D. Va. Nov. 11, 2024) (explaining the same).

[10] Appellees could again move the Bankruptcy Court for relief from the automatic stay to enforce the Final Judgment.  That they could do so, however, does not impact this Court's finding that *this appeal* is moot because, were the Bankruptcy Court to again grant relief from the automatic stay, Mr. Malloy could appeal that decision this Court for review.  And, in any event, Appellees have indicated that they no longer seek to enforce the specific performance obligations in the Final Judgment, thereby limiting the likelihood that Appellees will seek further relief from the automatic stay to enforce that provision. *See supra* Note 5.

only that it *was not* enforced. Whether failure to enforce the Final Judgment was, as Mr. Malloy contends, a "direct consequence" of Appellees' own inaction, (ECF No. 25, at 4), or, as Appellees argue, "in part due to [Mr. Malloy's] refusal to cooperate," (ECF No. 21, at 7), the fact remains that the Final Judgment was not effectuated during the 120-day period, rendering this appeal moot.

Third and finally, Mr. Malloy argues that his appeal was timely and challenges a "final, discrete order." (ECF No. 25, at 4–5 (capitalization omitted).) That is true. But the *finality* of the Modification Order has no bearing on whether the issue it presents is moot. Both can be true. And here, both are.[11]

### III. Conclusion

For the foregoing reasons, the Court will dismiss Mr. Malloy's appeal as moot.

An appropriate Order shall issue.

Date: 3/25/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

---

[11] Although the Court finds that Mr. Malloy's appeal is moot, it notes that the Modification Order provided no reasoning setting forth the Bankruptcy Court's decision to grant Appellees' request to lift the automatic stay. Without any explanation, this Court would not be able to determine whether the Bankruptcy Court considered, and appropriately weighed, the prejudice to Mr. Malloy's estate against the hardships incurred by Appellees in affording relief from the automatic stay. *See Herlihy*, 167 F.4th at 149–50. Fortunately, the Court need not address that issue today.

14